# United States District Court
# Northern District of Indiana

| | |
|---|---|
| RICHARD D. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:07-CV-604 JVB |
| v. | ) |
| | ) |
| LT. McKEY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Richard D. Carter, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts

> are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Carter alleges that Lt. McKey did not protect him from a shelf that fell off the wall of his cell and struck him in the head on December 7, 2005. He alleges that in July another offender informed Lt. McKey that the shelf was nearly detached from the wall and needed major repair. He alleges that

2

when he was first assigned to this cell in August, he told two guards who told Lt. McKey that the shelf needed to be fixed.

> To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis—the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

Here, a loose shelf presents some danger of harm, but the risk of poorly maintained shelves, houses, rooms, or facilities is not one that "today's society chooses not to tolerate." *Helling v. Mc Kinney*, 509 U.S. 25, 35–36 (1993). Rather, it is the type of risk many encounter voluntarily in their daily lives. The fact that it was many months before the shelf fell demonstrates that Carter was not placed in immanent danger. As such, placing the plaintiff in a cell with a poorly maintained shelf did not create an excessive risk to the plaintiff's health and safety nor deny him the minimal civilized measure of life's necessities in violation of the Eighth Amendment.

Though these facts and allegations may lend themselves to a state law tort claim, they do not qualify as punishment under the Eighth Amendment. Indeed, Carter has attached documents indicating that he has initiated the state tort claim process. Because he may have state law claims that can be pursued in state court, those claims will be dismissed without prejudice so that he has the option of filing a complaint in state court if he so chooses.

For the foregoing reasons, the court **DISMISSES** the federal law claims **WITH PREJUDICE** and the state law claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on February 25, 2008.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT JUDGE